[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11988
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00045-RH-CAS-5


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOMAX LAMAR JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 19, 2012)

Before CARNES, HULL, and MARTIN, Circuit Judges.

PER CURIAM:

Lomax Lamar Jenkins appeals his concurrent 37-month prison sentences for

conspiracy to commit fraud with counterfeit credit and debit cards, in violation of

18 U.S.C. §§ 371, 1029(a)(1), (b)(2), and (c), and for aiding and abetting, in violation of 18 U.S.C. §§1029(a)(1), 1029(c), and 2.  He contends that the district court erred in applying a two-level sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(10)(C) (Nov. 2011).

## I.

Jenkins was a member of a crew that defrauded more than 700 people.  They purchased credit or debit card numbers online from "somewhere . . . overseas." Then they acquired legitimate credit or debit cards with their names on them and encoded those cards with the purchased numbers using a laptop and encoder device.

Armed with those fraudulent cards, Jenkins and others purchased gift cards from various stores, which they sold online for cash.  Sometimes the accomplices went to different stores, but when they went to the same store, they would text each other the number of the check-out lane they used to avoid raising a "red flag."  The cards that failed to work would be taken to an accomplice who was waiting in the parking lot with his laptop ready for re-encoding.

## II.

Although the district court acknowledged that "the level of sophistication required to get an encoder, copy a card, and engage in this activity is less than it

2

used to be," the court found that the intricate steps involved in the crime demonstrated sophisticated means. We review for clear error the district court's finding that the defendant used sophisticated means. United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010). We will not disturb the district court's finding unless left with a definite and firm conviction that a mistake was made. Id.

Jenkins contends that using a cell phone to text or a laptop in a car is "nothing special." But special equipment does not need to be used in the crime to justify a finding that sophisticated means were used. See e.g., United States v. Robertson, 493 F.3d 1327, 1332 (11th Cir. 2007) (affirming the district court's imposition of the sophisticated means enhancement when the defendant used fictitious names, addresses, and entities to disguise his identity). Even crimes involving simple steps can be committed using sophisticated means if the combination of all the steps demonstrates sophistication. See Ghertler, 605 F.3d at 1268 ("It is true that aspects of [the defendant's] scheme were not sophisticated . . . . Still, the totality of these activities carried out over an extended period of time is sufficient to support the district court's finding that [the defendant] used sophisticated means under our deferential standard of review.").

Jenkins argues that the way he committed his crimes was not especially complex when compared with the way this crime is usually committed because one

3

of the statutes he violated was written specifically to address fraud involving innovative, sophisticated uses of technology.  The commentary to § 2B1.1(b)(1)(C) defines sophisticated means as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."  U.S.S.G. § 2B1.1(b)(10)(C) cmt. n.8.  The commentary does not suggest that for certain offenses sophisticated uses of technology is required.  Instead, it gives this example of how the guideline might apply:  "[I]n a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means.  Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means."  Because Jenkins' crime involved several complex steps, the district court did not clearly err by finding that he used sophisticated means.

**AFFIRMED**.

4